IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SUPERIOR ENERGY SERVICES, LLC,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-321-KD |
| ) | |
| **BOCONCO, INC.,** ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Plaintiff's "Motion to Reinstate Action" and " Motion to File Documents under Seal" (Doc. 18).

On August 26, 2009, the parties notified the Court that Plaintiff's claims had settled and moved for this action to be dismissed with prejudice, but stated that additional time was necessary in order for the parties to consummate the settlement agreement. (Doc. 15). Accordingly, this Court dismissed this case with prejudice from the active docket subject to the right of any party to reinstate the action within thirty (30) days of the date of this order should the settlement agreement not be consummated. (Doc. 17).

On September 25, 2009, Plaintiff filed the present motion seeking to reinstate the action, asserting that a dispute has developed between the parties regarding the settlement agreement. Plaintiff's motion is filed within the thirty (30) day time frame established in the Court's Order (Doc. 17), and thus, is timely. As such, it is **ORDERED** that Plaintiff's Motion to Reinstate Action is **GRANTED.** The action against Boconco, Inc. is hereby **REINSTATED.**

Plaintiff's Motion to File Documents Under Seal (namely, the motion to enforce settlement agreement and the settlement agreement itself) is **DENIED.** Plaintiff has provided no basis for the

filing of a motion to enforce the settlement agreement. However, Plaintiff is granted leave to **SHOW CAUSE** on or before **October 5, 2009,** for the basis for the Court's consideration of a motion to enforce the settlement agreement.[1]

    **DONE** and **ORDERED** this the **25th** day of **September 2009.**

                                              /s/ Kristi K. DuBose
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] See, e.g., Murray v. Holiday Isle, LLC, Slip Op, 2009 WL 1405489, *1 (S.D. Ala. May 19, 2009):

> It is well settled that a federal court has no inherent power to enforce a settlement agreement simply because it was reached in connection with a lawsuit in the federal forum. Rather, there must be either "some independent basis for federal jurisdiction," or the Court must possess ancillary jurisdiction because "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Kokkonen v. Guardian Life Insurance Co.,* 511 U.S. 375, 380-82 . . . . (1994). As *Kokkonen* explained, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. For that reason, the Court applies the bright-line rule that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Id. at 382 . . . .