IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 09-321 |
| | * | |
| BOCONCO, INC., | * | |
| | * | |
| Defendant. | * | |

## **PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER**

COMES NOW Plaintiff, Superior Energy Services, L.L.C. ("Superior"), and files this response to the show cause order entered by the Court on September 25, 2009.

1. The Basis for Federal Jurisdiction

In its order, the Court raises the issue of the basis of its jurisdiction to hear the instant controversy. Superior's Motion to Reinstate and Motion to File Documents Under Seal did not contain jurisdictional averments and thus it may have appeared that Superior assumed the Court had ancillary jurisdiction over Superior's contemplated motion to enforce. As shown below, however, Superior does not rely on ancillary jurisdiction, the scope of which was the issue in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). Rather, the instant case is one in which "there is [an] independent basis for federal jurisdiction," Kokkonen, 511 U.S. at 382, that basis being federal diversity jurisdiction. See also Limbright v. Hofmeister, 566 F.3d 672, 676 (6th Cir. 2009) (holding that "Kokkonen and this court's case law allow an 'independent basis for federal jurisdiction,' such as diversity or federal question jurisdiction, to support

summary enforcement" of a settlement agreement); Blue Cross & Blue Shield Assoc. v. American Express Co., 467 F.3d 634, 638 (7th Cir. 2006) ("Kokkonen is about adjudicatory competence, not the number of filing fees a plaintiff must pay.  As long as § 1332 supplies authority to decide, the court may act without a fresh complaint.")

The basis for this Court's subject matter jurisdiction will be diversity jurisdiction. Superior is a limited liability company formed pursuant to the laws of the State of Louisiana with its principal place of business in the State of Louisiana.  Superior is owned by its sole member, SESI, LLC, a Delaware limited liability company with its principal place of business in the State of Louisiana.  SESI is owned by Superior Energy Services, Inc., a corporation formed pursuant to the laws of the State of Delaware with its principal place of business in the State of Louisiana.  Upon information and belief, Boconco is a corporation organized pursuant to the laws of the State of Alabama, having its principal place of business in Bayou La Batre, Alabama.

As will be discussed in more detail below, the matter in controversy is ownership of four 175 kw generators ("gensets").   The gensets at issue have an aggregate value of approximately $357,333.

Boconco resides in this district and the gensets at issue are in the possession of a third party, Thompson Power Systems ("Thompson"), within this district.

As shown above, the citizenship of Superior is diverse from that of Boconco and the matter in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, because Boconco resides in this district and the property at issue is located

within this district, the venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1)&(2).

2. The Underlying Facts

The gensets at issue are four of the six gensets which originally were installed on Hulls 128 and 129 (three gensets on each vessel). Hulls 128 and 129 were being constructed pursuant to contracts between Moreno Energy, Inc. and Boconco. During the performance of those contracts, inter alia, Superior acquired a one-half interest in each contract, and as a result a one-half interest in Hulls 128 and 129.[1] Upon acquiring an interest in the construction contracts for Hulls 128 and 129, Superior inspected the hulls under construction and determined that the 175 kw gensets on board were insufficient to serve the vessels. Accordingly, Superior purchased four 300 kw gensets at its own cost, in the amount of $302,816, and had two 300 kw gensets installed on each of Hulls 128 and 129. Two of the 175 kw gensets, one each on Hulls 128 and 129, remained on those vessels as spare generators. The four gensets at issue were removed from Hulls 128 and 129.

Hulls 128 and 129 were subsequently delivered to Superior with the four 300 kw gensets purchased directly by Superior on board, and two of the 175 kw gensets on board as spares. The other four 175 kw gensets were returned to the supplier thereof, Thompson. Superior was not given a credit on the purchase price of Hulls 128 and 129 for the four 175 kw gensets not used in the construction and was not given an offset for the cost Superior incurred in providing the four 300 kw gensets installed on Hulls 128 and 129. Rather, it was agreed that the four 175 kw gensets returned to Thompson were to be held as the property of Superior, and that two of those 175 kw gensets would

---

[1] Superior has since acquired all of Moreno's interest in the vessels.

be installed as spares on Hulls 130 and 131 (which at that time were being constructed by Boconco for Superior) and that Superior would use the remaining two 175 kw gensets as spares elsewhere in its operations.

As the Court is aware, although Boconco began the construction of Hulls 130 and 131, Superior terminated those contracts and brought an action for possession of those hulls and damages. Superior and Boconco subsequently entered into a settlement agreement as reported to the Court.

Following execution of the settlement agreement and entry of this Court's order of August 27, 2009, Boconco contacted Thompson to demand access to the four 175 kw gensets at issue claiming title thereto. Thompson, being aware of the agreement which had been made concerning the returned gensets, declined to deliver or allow Boconco access to the gensets. It is Boconco's claim to the gensets which has caused the instant dispute.

    3.    <u>The Nature of this Proceeding</u>

The gist of Superior's claim, whether it be made by amended complaint and proceeds as a normal civil action, or adjudicated summarily by motion and an evidentiary hearing, is ownership of the four gensets. The claim is in the nature of one for a declaratory judgment that Superior owns the four gensets pursuant to the settlement agreement, or alternatively the agreement that had already been made concerning the gensets before the dispute which led to the initial filing of this action ensued, or that Superior otherwise in law or equity owns the gensets at issue. Because resolution of Superior's claim may involve determining its ownership of the gensets pursuant to the agreement which had already been made before this litigation ensued

(and obviously long before the settlement agreement was made), or that Superior is otherwise in law or equity the owner of the gensets, Superior seeks leave to file an amended complaint and suggests that the case proceed as a normal civil action. Superior does note that the holding in Limbright discussed above suggests that this Court could proceed to hear this controversy summarily, although that holding probably is based on the fact that only a claim under the settlement agreement was presented.

WHEREFORE, Superior respectfully submits it has averred a basis for this Court's jurisdiction over this controversy. Further, Superior moves this Honorable Court for leave to file an amended complaint setting forth its claims to ownership of the subject gensets and allow the action to proceed in the normal course of a civil action. Alternatively, Superior moves the Court for leave to file a motion to enforce the settlement agreement, or in the alternative establish Superior's title to the gensets at issue, and set this matter for hearing at such time as the Court's schedule will permit. Because, in either event, Superior's claims will involve a settlement agreement which contains a confidentiality provision, Superior asks for leave to file under seal the settlement agreement itself and a supplement to the amended complaint or motion to enforce, as the case may be, to discuss the substantive terms of the settlement agreement without violating the confidentiality provision. Finally, Superior moves the Court for such further or different relief as the Court may deem appropriate, the premises considered.

                    Respectfully submitted,

                    s/Kenneth A. Watson
                    KENNETH A. WATSON (WATSK3123)
                    Attorney for Superior Energy Services, LLC

OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
    & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com
kreid@joneswalker.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of October, 2009, I served a copy of the foregoing pleading on all counsel of record via e-mail and/or by placing same in the United States Mail, postage prepaid and properly addressed, to-wit:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com)

                    /s/Kenneth A. Watson
                    KENNETH A. WATSON