IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 09-321 |
| BOCONCO, INC. and THOMPSON TRACTOR CO., INC., | * |
| Defendants. | * |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, Superior Energy Services, L.L.C. ("Superior"), in accordance with this Court's order of October 23, 2009, and files this Second Amended Complaint against Defendant BOCONCO, Inc. ("Boconco") and Thompson Tractor Co., Inc. ("Thompson").

### JURISDICTION AND VENUE

1.  Superior is a limited liability company formed pursuant to the laws of the State of Louisiana having its principal place of business in the State of Louisiana. Superior is owned by its sole member, SESI, LLC, ("SESI"), a Delaware limited liability company with its principal place of business in the State of Louisiana. SESI is owned by Superior Energy Services, Inc., a corporation formed pursuant to the laws of the State of Delaware with its principal place of business in the State of Louisiana.

2.  Upon information and belief, Boconco is a corporation organized pursuant to the laws of the State of Alabama, having its principal place of business in Bayou La Batre, Alabama. Upon information and belief, Thompson is a corporation organized

pursuant to the laws of the State of Alabama, having its principal place of business in Birmingham, Alabama. The property giving rise to and made the subject of this action includes four 175 kw gensets, the aggregate value of which is approximately $357,333. By this proceeding, Superior seeks an order declaring its ownership of the gensets pursuant to the settlement agreement between Superior and Boconco, or in the alternative pursuant to an independent agreement or otherwise pursuant to law and equity. Additionally, Superior recently learned that Boconco hid certain property from Superior during the attempted consummation of the settlement. Specifically, Boconco induced Superior to assume purchase orders to Thompson for four engines and numerous parts and accessories thereby obligating Superior to pay a substantial sum (as shown in the confidential Settlement Agreement filed under seal) to Thompson; however, Boconco suppressed from Superior that it had already taken delivery of the engine parts and accessories, hid this property from Superior during the attempted consummation of the settlement, and has converted these parts in violation of Superior's rights and Alabama law. These parts and accessories have a value of at least $30,000. Superior seeks to compel Boconco to deliver such property or provide replacements therefor, seeks compensatory damages for breach of contract and/or seeks compensatory and punitive damages for Boconco's tortious conduct. Superior also seeks an award of attorney's fees and costs from Boconco. Superior seeks a declaratory judgment and delivery of possession of the gensets as to Thompson.

3.  Boconco resides in this district and the gensets made the basis of this proceeding are in the possession of Thompson within this district. Upon information

and belief, the engine parts and accessories remain in Boconco's possession within this district.

4. As shown above, the citizenship of Superior is diverse from that of Boconco and Thompson, and the matter in controversy exceeds $75,000 exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1)&(2).

## FACTS SUPPORTING SUPERIOR'S CLAIM

5. The gensets at issue are four of the six gensets which originally were installed on Hulls 128 and 129 (three gensets on each vessel). Hulls 128 and 129 were being constructed pursuant to contracts between Moreno Energy, Inc. and Boconco. During the performance of those contracts, inter alia, Superior acquired a one-half interest in each contract, and as a result a one-half interest in Hulls 128 and 129. Upon acquiring an interest in the construction contracts for Hulls 128 and 129, Superior inspected the hulls under construction and determined that the 175 kw gensets onboard were insufficient to serve the vessels. Accordingly, Superior purchased four 300 kw gensets at its own cost, in the amount of $302,816, and had two 300 kw gensets installed on each of Hulls 128 and 129. Two of the 175 kw gensets, one each on Hulls 128 and 129, remained on those vessels as spare generators. The four gensets at issue were removed from Hulls 128 and 129.

6. Hulls 128 and 129 were subsequently delivered to Superior with the four 300 kw gensets purchased directly by Superior on board, and two of the 175 kw gensets on board as spares. The other four 175 kw gensets were returned to the supplier thereof, Thompson. Superior was not given a credit on the purchase price of

Hulls 128 and 129 for the four 175 kw gensets not used in the construction and was not given an offset for the cost Superior incurred in providing the four 300 kw gensets installed on Hulls 128 and 129. Rather, it was agreed that the four 175 kw gensets returned to Thompson were to be held as the property of Superior, and that two of those 175 kw gensets would be installed as spares on Hulls 130 and 131 (which at that time were being constructed by Boconco for Superior) and that Superior would use the remaining two 175 kw gensets as spares elsewhere in its operations.

7.  As the Court is aware, although Boconco began the construction of Hulls 130 and 131, Superior terminated those contracts and brought an action for possession of those hulls and damages. Superior and Boconco subsequently entered into a settlement agreement as reported to the Court. The settlement agreement and related exhibits are filed under seal as Ex. A.

8.  Because the settlement agreement contains a confidentiality provision, Superior will file under seal a supplemental pleading discussing the provisions of the settlement agreement. As will be shown by such supplement, the settlement agreement effected or at least acknowledged the transfer of title to the gensets to Superior.

9.  Superior's title to the gensets also rests on an agreement made between Superior and Boconco at the time the gensets were returned to Thompson for storage (i.e. prior to and thus independent of the settlement agreement). At the time the gensets were returned to Thompson the parties agreed that two of those gensets would be later installed as spares on Hulls 130 and 131 and the other two would be used by Superior elsewhere in its operations. That agreement is why Superior paid for six 175 kw gensets in the purchase price of Hulls 128 and 129 with no offset for the four 175 kw

gensets which were removed from the vessels and no credit for the four 300 kw gensets Superior purchased separately which were installed on Hulls 128 and 129. Pursuant to such agreement Superior has title to the four 175 kw gensets at issue.

10. Following execution of the settlement agreement and entry of this Court's order of August 27, 2009, Boconco contacted Thompson to demand access to the four 175 kw gensets at issue claiming title thereto. Not surprisingly, Thompson declined to deliver or allow Boconco access to the gensets. However, because of Boconco's wrongful claim of title, Thompson has failed to recognize Superior's title and to agree to deliver the gensets to Superior.

11. As part of the settlement, Boconco assigned and Superior assumed Boconco's rights against and obligations to certain vendors, including Thompson. Specifically, Superior assumed purchase orders to Thompson for the engines and the parts and accessories therefor. When implementing the settlement, Boconco provided an inventory of all items, for which Boconco had paid or for which Superior was assuming the obligation to pay, which Boconco had taken possession of and were to be loaded out on the hulls upon departure from Boconco's yard. In preparing this inventory and physically effecting a transfer of numerous items of property, Boconco suppressed that it had already taken delivery of the parts and accessories for the engines and hid the parts and accessories from Superior at the time of load out. Representatives of Boconco represented that all of the items Superior had paid for as part of the settlement or was obligating itself to pay for by assuming purchase orders were on the inventory and would be made available at load out. Boconco also assembled various items of property in certain areas on its yard to be taken by Superior. However, Boconco had

either removed from the yard or hid from Superior on the yard the parts and accessories for the engines, apparently intending to sell or use the parts and accessories for its own benefit. Boconco has wrongfully asserted ownership and retained possession over these engine parts and accessories, and thereby converted the same.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT/DETINUE/REPLEVIN)

12. Superior incorporates and reavers the allegations in paragraphs 1-11 above as if fully set out herein.

13. Pursuant to the settlement agreement and/or the earlier agreement made between Superior and Boconco at the time the four 175 kw gensets were returned to Thompson for storage, Superior is the owner of the gensets at issue. Pursuant to the settlement agreement Superior is the owner of the engine parts and accessories. The gensets are in the possession of Thompson, and upon information and belief the engine parts and accessories are in the possession of Boconco.

WHEREFORE, Superior demands judgment declaring that Superior is the rightful owner of the four 175 kw gensets in the possession of Thompson and the engine parts and accessories believed to be in the possession of Boconco, that Boconco has no rights in such property, and accordingly that Superior is entitled to possession of the gensets from Thompson, with delivery to be taken at such time and place as Superior and Thompson may agree, and that Boconco be ordered to make delivery or make available to Superior the parts and accessories for the main engines on Hulls 130 and 131. Superior further seeks an award of attorney's fees and costs against Boconco and such further or different relief as the Court may deem appropriate, the premises considered.

## SECOND CAUSE OF ACTION
## (CONVERSION AGAINST BOCONCO)

14. Superior incorporates and reavers the allegations in paragraphs 1 through 13 above as if fully set out herein.

15. Boconco has wrongfully asserted ownership over the four 175 kw gensets thereby causing Thompson to refuse to recognize Superior's ownership and right to possession thereof. Such wrongful assertion of ownership constitutes conversion by Boconco. Likewise, Boconco's wrongful retention of possession and assertion of ownership of the engine parts and accessories also constitutes conversion of Superior's property. Boconco's action in converting Superior's property was willful, accomplished through fraud and/or suppression, and was accompanied by insult and malice.

WHEREFORE, Superior demands judgment against Boconco for compensatory damages in the amount of not less than $387,333, plus punitive damages, together with interest, attorney's fees and costs.

## THIRD CAUSE OF ACTION
## (BREACH OF CONTRACT)

16. Superior incorporates and reavers the allegations in paragraphs 1 through 15 above as if fully set out herein.

17. Boconco's claim of title to the four 175 kw gensets and its failure to deliver the parts and accessories for the engines constitutes breach of contract resulting in injury and damages to Superior. Boconco has withheld or caused to be withheld from Superior property having an aggregate value of $387,333.

WHEREFORE, Superior demands judgment against Boconco for compensatory damages in the amount of $387,333, together with interest, attorney's fees and costs.

Respectfully submitted,

s/Kenneth A. Watson
KENNETH A. WATSON (WATSK3123)
Attorney for Superior Energy Services, LLC

OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
    & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com
kreid@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this was served by such system and/or hand delivered upon the following:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com

Alex F. Lankford, III, Esq. (Via Hand Delivery)
Hand Arendall, LLC
RSA Tower
11 N. Water St., Suite 30200
Mobile, AL
alankford@handarendall.com

/s/Kenneth A. Watson
KENNETH A. WATSON