IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUPERIOR ENERGY SERVICES, L.L.C., *
 *
 *
 Plaintiff, *
 *
v. * CIVIL ACTION NO. 09-321
 *
BOCONCO, INC. and THOMPSON *
TRACTOR CO., INC., *
 *
 Defendants. *

## APPLICATION FOR WRIT OF SEIZURE

COMES NOW Plaintiff, Superior Energy Services, L.L.C. ("Superior"), and makes this Application for Writ of Seizure directing that possession of the property made the subject of this Application be delivered to Superior by Defendant BOCONCO, Inc. ("Boconco"), the premises considered. This Application is made pursuant to the prejudgment seizure remedies provided for by Alabama law, in particular Ala. Code § 6-6-250 and A.R.C.P. 64, which remedies are made available pursuant to F.R.C.P. 64. As grounds in support of this Application it is further shown to the Court:

1. Contemporaneous with the filing of this Application, Superior has filed a Second Amended Complaint against Boconco for declaratory relief and damages arising out of certain contracts between the parties and tortious conduct on the part of Boconco.

2. The items of property made the subject of this Application are the parts and accessories for the engines mounted in Hulls 130 and 131, as more specifically identified in the Affidavit of Gary Thibodaux.

3.    Superior has title to the engine parts and accessories pursuant to the settlement agreement between Superior and Boconco.  In particular, and as more fully set forth in the Affidavit of Gary Thibodaux, the engine parts and accessories were part of the property purchased pursuant to purchase orders issued by Boconco to Thompson Tractor Co., Inc., the rights and obligations under which Superior assumed under the settlement agreement.    See Ex. A filed under seal – Assignment and Assumption Agreement and Schedule 1 thereto.

4.    The engine parts and accessories made the subject of this application should have been delivered by Boconco to Superior when Hulls 130 and 131, together with other materials and equipment, were loaded out as part of the attempted consummation of the settlement agreement between Superior and Boconco.  However, Boconco suppressed that it had already taken possession of the engine parts and equipment, which Superior believed remained with the vendor, Thompson, and Boconco hid the engine parts and accessories from Superior during the load out.

5.    As set forth in the Affidavit of Gary Thibodaux, Boconco has already concealed the fact that it had taken delivery, hidden these parts and accessories from Superior during the load out, and apparently intends to sell or use these parts and accessories for Boconco's own benefit.  These circumstances show there is a risk of concealment, transfer or other disposition of the subject property by Boconco.

6.    As the owner of the parts and accessories at issue, Superior should be awarded possession without the requirement of bond.  However, Superior stands ready, willing, and able to post such bond in such reasonable amount as may be required by the Court.

7.    Pursuant to A.R.C.P. 64(b)(2), Superior requests that the Court conduct a preliminary examination of the Second Amended Complaint, the settlement agreement filed as Exhibit A to Superior's supplemental pleading filed under seal, this application and supporting affidavit, and thereupon grant the writ of seizure and conduct such other proceedings as may be appropriate under A.R.C.P. 64(b)(2)(B).    Alternatively, should the Court decline to make such preliminary finding in favor of Superior, Superior requests pursuant to A.R.C.P. 64(b)(2)(C), that the Court set this application for hearing on an expedited basis, and give notice of said hearing to Boconco, including therewith an order that Boconco and its representatives shall not dispose of or in any way alter the basis of the property made the basis of this application pending the hearing as provided for in A.R.C.P. 64(b)(2)(C), and that the Court grant such further or different relief as may be appropriate, the premises considered.

Respectfully submitted,


s/Kenneth A. Watson
KENNETH A. WATSON (WATSK3123)
Attorney for Superior Energy Services, LLC


OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
        & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kreid@joneswalker.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this was served by such system and/or hand delivered upon the following:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com

Alex F. Lankford, III, Esq. (Via Hand Delivery)
Hand Arendall, LLC
RSA Tower
11 N. Water St., Suite 30200
Mobile, AL
alankford@handarendall.com

/s/Kenneth A. Watson
KENNETH A. WATSON

## AFFIDAVIT OF GARY THIBODAUX

**State of Louisiana**
**Parish of Orleans**

I, Gary Thibodaux, being duly sworn do depose and say as follows:

1.      My name is Gary Thibodaux. I am over the age of 21 years and a resident of St. Mary Parish, Louisiana. I am employed by Superior Energy Services, L.L.C. ("Superior") and was Project Manager on the Boconco hull construction projects, and in that capacity I have personal knowledge, or where indicated, knowledge, information, or belief, of the matters set forth herein.

2.      I make this Affidavit in support of the Application for Writ of Seizure which has been filed on behalf of Superior in the United States District Court for the Southern District of Alabama.

3.      Superior entered into a settlement agreement with Boconco under which, inter alia, it acquired title to the uncompleted hulls designated Hulls 130 and 131 and all materials and equipment for inclusion in the hulls which Boconco had purchased or had issued purchase orders which were assumed by Superior as part of the settlement. The purchase orders so assumed included purchase orders issued by Boconco to Thompson Tractor Co., Inc. for the four (4) main engines and the parts and accessories therefor, as well as other items to be used in the construction of Hulls 130 and 131. These purchase orders are included on Schedule 1 attached to the Assignment and Assumption Agreement made part of the Settlement Agreement, which has been filed under seal with the Court. Boconco took delivery of the engines and mounted the same in Hulls 130 and 131, and thus at the time the hulls were loaded out pursuant to the settlement, Superior received delivery of the engines. However, unknown to Superior,

Boconco also had taken delivery of the engine parts and accessories, which at the then existing stage of construction, were not ready for installation. Boconco withheld these parts and accessories from Superior at the time of load out. The engine parts and accessories which Boconco withheld from Superior are as follows: Eight (8) exhaust sets, including eight inch exhaust flexes with flanges, gaskets, and hardware; four (4) sets of gear hardware to bolt the gear and companion flanges together; four (4) gear selection switches; eight (8) day tank flanges; four (4) fuel coolers; eight (8) sets of gear coolers with hoses and metric fittings; four (4) Raycor 79/1000 filters; four (4) sets of engine and gear manuals, including operation and maintenance manuals, warranty certificates, parts CD-ROM, and IMO technical file for engines; and four (4) gear couplings.

4.     At the time Hulls 130 and 131 were loaded out, Kenny Bosarge and Rusty Bosarge with Boconco represented to Superior that all parts and equipment which Superior purchased pursuant to the settlement agreement, including by assuming purchase orders which had been issued by Boconco, and which Boconco had taken delivery of were available on the yard for load out. However, the above identified engine parts and accessories were hidden from Superior during the load out, indicating that Boconco intends to use or to sell these engine parts and accessories for Boconco's own benefit. Under these circumstances, Superior contends there is a risk that Boconco will conceal, transfer, or dispose of these engine parts and accessories to the benefit of Boconco and the prejudice of Superior.

Further affiant saith not.

GARY THIBODAUX

2

Sworn to and subscribed before me this the 30th day of October , 2009.

NOTARY PUBLIC, STATE OF LOUISIANA
PARISH OF ORLEANS
My Commission Expires: Life

PORTER H. NOLAN
Notary Public I.D. No. 87717
State of Louisiana
My Commission is issued for life.

3