IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUPERIOR ENERGY SERVICES** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. 09-321 |
| **BOCONCO, INC. and THOMPSON TRACTOR CO., INC.** | * | |
| **Defendants.** | * | |

## REQUEST OF DEFENDANT THOMPSON TRACTOR CO., INC. FOR COURT TO APPOINT CUSTODIAN OF SUBJECT GENSETS

COMES NOW Thompson Tractor Co., Inc. ("Thompson"), defendant counter-plaintiff herein, and moves the Court to appoint a custodian for the care and safekeeping of four 175kw Caterpillar C9 Tier II diesel generator sets ("gensets"), and in support thereof, shows and represents, as follows:

As appears from the averments of the interpleader counterclaim filed on behalf of Thompson herein, as well as the attached affidavit of Thompson's Richard R. Tremayne, Jr. (Exhibit A hereto):

1. Thompson has had possession of said four gensets since the Fall of 2008 in its store at Spanish Fort, Alabama. It had been paid in full for such gensets and has no ownership property interest in same and does not want to continue to have possession of same. There is a dispute between Boconco, Inc. ("Boconco") and Superior Energy Services, L.L.C. ("Superior") as to which of these parties owns and has the right of possession to said gensets.

2. Prior to its being sued by its customers, Thompson had safekept these gensets from the Fall of 2008 to the present date without charging either Boconco or Superior any

storage or warehousing fees as an act of good faith toward both of these entities who are customers of Thompson.

3. Thompson's efforts to deliver said gensets to either Boconco or to Superior have been totally unsuccessful.

4. Each party, Boconco and Superior, has made written demand upon Thompson for delivery of the same said gensets, and Thompson cannot deliver same to one party without being sued by the other. This has resulted in Thompson being named as an additional defendant in the above Federal Court Action and an original defendant in the State Court Action having the style *Boconco, Inc. v. Thompson Tractor Co., Inc.*, Civil Action No. CV-2009-1683 (copy of complaint being attached hereto as Exhibit B), with interpleaders being filed in each such action. A motion identical to this motion is being filed simultaneously in the State Court Action (see attached Exhibit C).

5. Upon delivery of said gensets to a Court-appointed custodian, or a custodian jointly agreed upon by Boconco and Superior, Thompson moves that it be dismissed from this lawsuit. Thompson reserves the right to ask the appropriate Court to award it a reasonable custodial fee for the period of time it has served as such, as well as any reasonable attorney's fees to which it might be entitled by law.

The premises considered, Thompson prays that the Court, with reasonable promptitude, appoint a custodian and direct Thompson to deliver said gensets to said custodian and, upon such delivery to the Court-appointed custodian, dismiss it from this lawsuit.

Respectfully submitted,

*s/Alex F. Lankford, III*
ALEX F. LANKFORD, III (LANKA8711)
Attorney for Thompson Tractor Co., Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 3rd day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth J. Riemer
Post Office Box 1206
Mobile, Alabama 36633

Kenneth A. Watson, Esq.
Jones, Walker, Waechter, Poitevent, Carrere
   & Denegre L.L.P.
Post Office Box 46
Mobile, Alabama 36601

                                  *s/Alex F. Lankford, III*

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| BOCONCO, INC. | * |
| Plaintiff, | * |
| v. | *   Civil Action No. CV-2009-1683 |
| THOMPSON TRACTOR CO., INC. | * |
| Defendant. | * |

STATE OF ALABAMA   )

COUNTY OF BALDWIN  )

### AFFIDAVIT OF RICHARD R. TREMAYNE, JR.,

Before me, the undersigned Notary Public, in and for the State aforesaid, came and appeared Richard R. Tremayne, Jr., who is known to me and who, after being by me first duly and legally sworn, did depose and say under oath, as follows:

1. My name is Richard Tremayne, and I am an adult citizen of Mobile, Alabama. I am employed by Thompson Tractor Co., Inc. ("Thompson"), Defendant herein, and I have personal knowledge of the facts and circumstances in a conflict between Plaintiff herein, Boconco, Inc. ("Boconco") and Superior Energy Services, L.L.C. ("Superior") regarding which of these two parties owns and has the right of possession to four 175kw Caterpillar C9 Tier II diesel generator sets ("gensets"). My familiarity is due to the fact that I am the Marine Business Manager of Thompson Power Systems, a division of Thompson.

2. Thompson has had possession of said four gensets since the Fall of 2008 in its store at Spanish Fort, Alabama. Thompson has been paid in full for such gensets and has no property interest in same and does not want possession of same. There is a dispute between


EXHIBIT A

Boconco, Plaintiff herein, and Superior as to who is the owner and entitled to possession of said gensets. As evidence of said dispute, affiant attaches as Exhibit A hereto a demand for possession of said gensets made by Superior on September 15, 2009, and delivered to Thompson on or about that date, as well as a demand for delivery by Boconco upon Thompson made on September 16, 2009, where Boconco claims that it owns and is entitled to possession of said same gensets. (See attached Exhibit B). Thompson, through its attorney, on September 18, 2009, has repeatedly tried to deliver to either Boconco or Superior said gensets, provided it gets a hold harmless agreement of the other party to whom delivery is not made (see attached Ex. C). This effort on the part of Thompson to rid itself of possession of said gensets has fallen on deaf ears.

3. Thompson has safekept these said gensets from the Fall of 2008 to the present date, without charging either Boconco or Superior any storage or warehousing fees as an act of good faith towards both of these entities.

4. Thompson is a mere stakeholder in this matter and has no idea or way to determine who, as between Boconco and Superior, is the true owner and entitled to possession of these said gensets. Thompson does know that there is a genuine dispute as to a material fact or facts leading up to and whether these gensets were or were not covered by a settlement agreement that these two parties entered into.

5. Thompson cannot deliver said gensets to Boconco without being sued by Superior and, conversely, cannot deliver same to Superior without being sued by Boconco, all due to a

genuine dispute between these parties of material facts as to who is the owner and, therefore, entitled to rightful possession of same.

Further affiant sayeth not.

_____
RICHARD R. TREMAYNE, JR.

STATE OF ALABAMA   )
COUNTY OF BALDWIN )

Subscribed and sworn to before me this 24th day of November, 2009, by Richard R. Tremayne, Jr.

_____
Notary Public
My commission expires: 7/15/13



**SUPERIOR**
ENERGY SERVICES, INC.

**Charles M. Hardy**
*Executive Vice President*
*Marine Services Division*

September 15, 2009

Mr. Richard R. Tremayne, Jr.
Thompson Power Systems, Inc.
2500 Pinson Highway
Birmingham, Alabama 35217

     Re:    Four Cat C9 175 Kw Gensets

Dear Mr. Tremayne:

     We are writing to request that you grant Superior Energy Services, L.L.C. ("Superior") immediate access to the four Cat C9 175 Kw Gensets in your possession that were ordered by Boconco, Inc. ("Boconco"), in connection with its construction of two liftboats (hulls 128 and 129) for Superior. These four Gensets were paid for by Superior and title to them was previously assigned by Boconco to Superior.

     As you know, six Cat C9 175 Kw Gensets were installed by Boconco onto liftboat hulls 128 and 129 (three onto each vessel). Upon inspection, Superior determined that these generators were not sufficient for their intended uses. As a result, the four Gensets at issue were removed from the liftboats and Superior purchased directly four new, larger generators, and paid for the installation of those new generators onto the liftboats.

     Notwithstanding the fact that the specifications called for three Gensets to be onboard each vessel and Boconco provided only one Genset for each vessel, with Superior providing the other two, Superior did not receive a credit from Boconco or reduction in price of the liftboats for the four Gensets Boconco failed to provide. Instead, Superior informed Boconco that two of the removed Cat C9 175 Kw Gensets should be installed onto two additional liftboats Boconco was constructing for Superior (hulls 130 and 131), and the remaining two Gensets would be utilized by Superior as spares for its other vessels. Boconco did not object to this offer or raise any issue with Superior's understanding that the four removed Gensets were the property of Superior.

     Superior and Boconco have since terminated the construction contracts for liftboat hulls 130 and 131, and Boconco has conveyed to Superior title to the uncompleted hulls and all related equipment, including the four Gensets at issue. For your reference, we have enclosed a Warranty Assignment dated August 12, 2009, pursuant to which Boconco has assigned to Superior all of Boconco's warranties and rights against Thompson Power Systems, including warranty of title, relating to the four Gensets in your possession.

2917 Oliva Road   •   New Iberia, LA   •   Phone 337-364-9704   •   Fax 337-367-0958   •   www.su[p

**EXHIBIT**
*A*

Please advise us as soon as practicable when Superior can arrange for the pick up of the generators at your facility.

If you have any questions, please contact me.

Sincerely,

*[signature: Marsh Hardy]*

cc:    Alex F. Lankford, III
       Bill Masters, General Counsel

# KENNETH J. RIEMER
### ATTORNEY AT LAW
### 166 GOVERNMENT STREET, SUITE 100
### MOBILE, ALABAMA 36602

**MAILING ADDRESS:**
POST OFFICE BOX 1206
MOBILE, ALABAMA 36633-1206

WWW.ALACONSUMERLAW.COM

TELEPHONE: (251) 432-9212
FAX: (251) 433-7172
EMAIL: KJR@ALACONSUMERLAW.COM

September 16, 2009

**BY U.S. MAIL AND E-MAIL (Richardtremayne@Thompsontractor.com)**
Richard R. Tremayne, Jr.
Marine Business Manager
Thompson Power Systems, Inc.
30950 State Hwy 181
Spanish Fort, AL 36526

Re: Four 175KW Caterpillar Generators, identified by the following Serial Numbers:
C9-J00 397
C9-J00 396
C9-J00 393
C9-J00 392

Dear Mr. Tremayne:

    I represent Boconco, Inc. I am writing about the four above-referenced generators which I understand are currently at Thompson's Baldwin County facility. As you know, these generators were delivered to Boconco in December 2007. The purchase order for the generators (P.O. Nos. 7365 and 7366) were issued in Boconco's name and the invoiced amount was paid in full. It is my understanding those generators were returned to you for safe keeping when a tropical storm threatened the Bayou La Batre area last year. However, title to those generators has at all times remained with Boconco.

    It is my understanding that Boconco has requested delivery of the generators and that Thompson has refused. It is my further understanding that this refusal is due to some confusion as to the ownership of these generators in light of Boconco's agreement with Superior Energy. I am writing to clear up any such confusion.

    Boconco and Superior Energy entered into an agreement on August 12, 2009.[1] As part of that

---

[1] I understand that Superior representatives have provided you with the entire written agreement. Please know that the terms of the agreement are confidential. In my opinion, disclosing the entire agreement to you was a breach of this confidentiality. This issue is a matter

EXHIBIT B

September 16, 2009
Page 2

agreement, Boconco was required to convey to Superior title to certain equipment related to two partially constructed Superior hulls (Hulls 130 and 131). The parties identified that equipment in a list referred to as "Schedule 1." In connection with the settlement agreement, Boconco executed a Bill of Sale which conveyed title to only those items listed on Schedule 1. You have been provided a redacted copy of Schedule 1. You will see that the inventory list includes only 4 of the total 8 Boconco generators at Thompson. The generators listed are the 340KW units which were ordered with respect to Hulls 130 and 131. As of August 12, 2009, those units belong to Superior and Boconco makes no claim of title or control over those four 340KW generators. However, the four 175KW units listed above were not ordered in connection with Hulls 130 and 131 and, more to the point, are not listed among the items on "Schedule 1." They were not part of the agreement with Superior. Boconco has never conveyed title to those units to Superior, or any other entity. Those units were ordered by Boconco and have been paid for by Boconco. Title to those units rests with Boconco.

By this letter I renew my client's request that the 175KW units be immediately delivered to Boconco's yard. Please make the appropriate arrangements. If your company has made a decision not to immediately deliver these generators to Boconco, please let me know.

With warm regards, I am

Sincerely,

Kenneth J. Riemer

KJR/cw
cc: Rusty Bosarge

---

between Boconco and Superior. However, my client would ask that you respect the confidentiality and destroy or return the documents provided. In an effort to resolve any issue pertaining to the four generators referenced above, Boconco will refer to the settlement agreement only to the extent pertinent to the generators.

# HAND ARENDALL LLC • LAWYERS

Alex F. Lankford, III
Direct Dial (251) 694-6222
Direct Fax (251) 544-1621
alankford@handarendall.com

RSA TOWER • 11 NORTH WATER STREET, SUITE 30200 • MOBILE, ALABAMA 36602 • (251) 432-5511
Post Office Box 123 • Mobile, Alabama 36601 • Facsimile: (251) 694-6375

September 18, 2009

**_Via Facsimile – (225) 248-3016_**
Scott A. Chenevert, Esq.
Jones Walker Law Firm
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809-7000

**_Via Facsimile – 433-7172_**
Kenneth J. Riemer, Esq.
Attorney at Law
166 Government Street, Suite 100
Mobile, AL 36602

      Re:    Four Cat C9 175KW Gensets

Gentlemen:

      I have received a copy of Superior's Mr. Charles Hardy's letter of September 15, 2009 to Richard Tremayne, Thompson Power Systems ("Thompson"), whom we represent, and a letter dated September 16, 2009 from Ken Riemer, attorney for Boconco, and it is apparent to me that there is a genuine dispute as to who, as between Superior (or whoever is the owner of the vessels built by Boconco) and Boconco, builder, is the owner and, therefore, entitled to get possession of subject four Cat gensets. Thompson is not in a position to and cannot determine who is the rightful owner and seeks only to deliver same to whoever, as a matter of law, is entitled to receive these gensets.

      Thompson would hope and respectfully urges that Superior and Boconco settle this issue in an amicable matter without litigation, either by voluntary mediation or arbitration or whatever other means are available short of actual litigation. For example, perhaps one could agree that the other, without prejudice to either, could have possession of these gensets while the issue of ownership/possession is being determined. If such an agreement could be reached, Thompson would deliver the gensets to whoever the parties agree upon would be entitled to receive same, provided it got a release, hold harmless, from the other party. This is just a suggestion to attempt to resolve Thompson's continuing to have possession of the gensets while there is ongoing litigation between your two clients; the decision as to what is to be done is entirely up to you and your respective clients.

EXHIBIT C

September 18, 2009
Page 2

      In the meanwhile, as a good will gesture, Thompson will continue to keep possession of these gensets in its warehouse at nearby Spanish Fort (without storage charges), which is covered from the outside weather but not covered as to inside temperature variations for a period of not to exceed 45 days from the date hereof. If, at the end of this period, there has been no resolution of the title issue between Superior or whoever is the vessel owner and Boconco, the builder, then, as a last resort, Thompson will have to consider filing an action in the nature of an interpleader and offer to tender the gensets into court or continue to keep possession of same under some mutually agreeable arrangements while the case is litigated. If the interpleader action follows, which Thompson hopes will not be necessary, the court may award it reasonable attorney fees under Alabama law.

      I look forward to hearing from you as to prospects of settling any disputes between your respective clients without litigation. With best personal regards, I remain

                              Very truly yours,

                              Alex F. Lankford, III
                              For the Firm

AFL:fjf

cc:    Mr. Richard Tremayne

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BOCONCO, INC.,                        *

    Plaintiff,                    *

v.                                    *        CV-2009- 1683

THOMPSON TRACTOR CO., INC.,           *

    Defendant.                    *

## COMPLAINT FOR DECLARATORY RELIEF AND SPECIFIC PERFORMANCE

COMES NOW Boconco, Inc., and as its claims against Thompson Tractor Co., Inc. ("Thompson") states as follows:

### PARTIES

1. Boconco, Inc. is an Alabama corporation with is principal place of business located in Bayou La Batre, Alabama.

2. Thompson Tractor Co., Inc. ("Thompson") is an Alabama company that conducts business in Baldwin County, Alabama.

### FACTS

3. On or about January 31, 2007, Boconco ordered from Thompson a total of six (6) C9 Tier II 175KW Diesel Generator sets ("175KW Gen Set") in connection with its shipbuilding activities at its ship yard located in Bayou La Batre, Alabama. A Purchase Order and Invoice were generated with respect to that purchase, all in Boconco's name. The purchase price for the all six 175 KW Gen Sets was $460,500 ($76,750 per unit). That purchase price was paid in full on or about June 20, 2008.

4. Thompson initially delivered all six 175KW Gen Sets to Boconco's shipyard in

EXHIBIT B

December 2008. Two of the six units were installed on vessels which were later delivered to Boconco's customer. At Boconco's request, the remaining four units were returned to Thompson's Baldwin County facility for safekeeping during the Fall of 2008 when the area was threatened with a tropical storm. Those units remain at Thompson's facility.

5. Upon payment in full of the invoices, title to all of the 175 KW Gen Sets shifted solely to Boconco. At no point has title to the four units which are located at Thompson's facility been conveyed from Boconco to any other party.

6. Boconco has requested that the gen sets be delivered to its ship yard. Thompson has refused to deliver the units to Boconco, claiming that a third party has asserted a claim for possession of the gen sets.

## COUNT I
### (Specific Performance)

7. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

8. In agreeing to sell the 175 KW Gen Sets and in accepting the full purchase price thereof, Thompson agreed to deliver those units to Boconco or, in the alternative, otherwise relinquish possession of the property to Boconco.

9. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

10. Boconco seeks specific performance of that agreement. Specifically Boconco seeks an order requiring that Thompson deliver or otherwise relinquish possession of the 175 KW Gen Sets to Boconco.

11. Boconco has performed all of its obligations under the agreement with Thompson

with respect to the 175 KW Gen Sets.

WHEREFORE, Boconco respectfully requests this Court enter an Order requiring Thompson to specifically perform their obligation to deliver or otherwise relinquish possession of the 175 KW Gen Sets to Boconco. Plaintiff further request other relief as the Court deems just and proper, the premises considered.

**COUNT TWO**
**(Declaratory Relief)**

12. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

13. A justiciable dispute exists with respect to title and the right of possession to the above-described four 175KW Gen Sets.

14. Boconco offers to do equity.

WHEREFORE, Boconco respectfully requests that this Court declare the rights and obligations of the parties with respect to the 175 KW Gen Sets and declare that title to that property rests within Boconco and that Boconco has the right of immediate possession thereof. Plaintiff further request other relief as the Court deems just and proper, the premises considered.

KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
P.O. Box 1206
Mobile AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Thompson Tractor Co., Inc.
C/o Thomas H. McGough
2401 Pinson Hwy
Birmingham, AL 35217

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| BOCONCO, INC. | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CV-2009-1683 |
| THOMPSON TRACTOR CO., INC. | * | |
| Defendant. | * | |

### REQUEST OF DEFENDANT THOMPSON TRACTOR CO., INC. FOR COURT TO APPOINT CUSTODIAN OF SUBJECT GENSETS

COMES NOW Thompson Tractor Co., Inc. ("Thompson"), defendant counter-plaintiff herein, and moves the Court to appoint a custodian for the care and safekeeping of four 175kw Caterpillar C9 Tier II diesel generator sets ("gensets"), and in support thereof, shows and represents, as follows:

As appears from the averments of the interpleader counterclaim filed on behalf of Thompson herein, as well as the attached affidavit of Thompson's Richard R. Tremayne, Jr. (Exhibit A hereto):

1. Thompson has had possession of said four gensets since the Fall of 2008 in its store at Spanish Fort, Alabama. It had been paid in full for such gensets and has no ownership property interest in same and does not want to continue to have possession of same. There is a dispute between Boconco, Inc. ("Boconco") and Superior Energy Services, L.L.C. ("Superior") as to which of these parties owns and has the right of possession to said gensets.

2. Prior to its being sued by its customers, Thompson had safekept these gensets from the Fall of 2008 to the present date without charging either Boconco or Superior any storage or warehousing fees as an act of good faith toward both of these entities who are customers of Thompson.

- 1 -


EXHIBIT C

3. Thompson's efforts to deliver said gensets to either Boconco or to Superior have been totally unsuccessful.

4. Each party, Boconco and Superior, has made written demand upon Thompson for delivery of the same said gensets, and Thompson cannot deliver same to one party without being sued by the other. This has resulted in Thompson being named as an original defendant in the above State Court Action and an additional defendant in the Federal Court Action having the style *Superior Energy Services v. Boconco, Inc. and Thompson Tractor Co., Inc.*, Civil Action No. CV-09-321 (copy of amended complaint being attached hereto as Exhibit B), with interpleaders being filed in each such action. A motion identical to this motion is being filed simultaneously in the Federal Court Action (see attached Exhibit C).

5. Upon delivery of said gensets to a Court-appointed custodian, or a custodian jointly agreed upon by Boconco and Superior, Thompson moves that it be dismissed from this lawsuit. Thompson reserves the right to ask the appropriate Court to award it a reasonable custodial fee for the period of time it has served as such, as well as any reasonable attorney's fees to which it might be entitled by law.

The premises considered, Thompson prays that the Court, with reasonable promptitude, appoint a custodian and direct Thompson to deliver said gensets to said custodian and, upon such delivery to the Court-appointed custodian, dismiss it from this lawsuit.

Respectfully submitted,

*s/Alex F. Lankford, III*
ALEX F. LANKFORD, III (LAN029)
Attorney for Thompson Tractor Co., Inc.

OF COUNSEL:
HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL 36601
(251) 432-5511

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Kenneth J. Riemer
Post Office Box 1206
Mobile, Alabama 36633

*s/Alex F. Lankford, III*