IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 09-321 |
| | * | |
| BOCONCO, INC. and THOMPSON TRACTOR CO., INC., | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S CONCURRENCE IN REQUEST OF DEFENDANT THOMPSON TRACTOR CO., INC. FOR COURT TO APPOINT CUSTODIAN OF SUBJECT GENSETS

COMES NOW Plaintiff, Superior Energy Services, L.L.C. ("Superior"), and files this response to the Request for Court to Appoint Custodian of Subject Gensets filed by Thompson Tractor Company, Inc. ("Thompson"), concurring in said request as set forth below.

1.  Thompson is in possession of the gensets made the basis of this action. It is true, as averred by Thompson, that Superior and Boconco will not agree for one of them to serve as custodian. Superior would agree and still prefers for Thompson to continue to serve as custodian, and has requested that Boconco also so agree, but Boconco has failed to respond to such request. Accordingly, a custodian should be appointed as requested by Thompson.[1]

2.  As set forth in Superior's reply to Thompson's counterclaim, Superior agrees to the appointment of a custodian and that upon delivery of the gensets to such

---

[1] Thompson has suggested Merchants Transfer Company and has obtained quotes from said firm. Superior would agree to the appointment of Merchants Transfer Company.

custodian Thompson should be dismissed from this action without further liability relating to the delivery of the gensets, however, the dismissal should have no effect as to other obligations or liabilities of Thompson's, for example, warranty obligations, if any. It is further Superior's position that any award of attorney's fees should be limited to those incurred by Thompson in interpleading in this action, and should be made against Boconco as it is Boconco's spurious claim of ownership that necessitated this action and Thompson's interpleader.

3. Finally, it is noted that Boconco has made no response to the "Counterclaim in an Action of Interpleader under Rule 22, FRCP and 28 U.S.C. § 1335" filed by Thompson on November 3, 2009 in which Thompson also requested the appointment of a custodian.

WHEREFORE, in accordance with the foregoing, Superior concurs in the request of Thompson for the appointment of a custodian of the subject gensets and that upon delivery to such custodian Thompson be dismissed from this action, however, such dismissal should have no effect on other obligations or liabilities of Thompson, for example, warranty obligations, if any. Further, in the event the Court awards attorney's fees and expenses in connection with Thompson's interpleader, such award should be made against Boconco and not Superior, as it is Boconco's spurious claim of ownership which necessitated Superior reopening this case and Thompson interpleading herein.

Respectfully submitted,

s/Kenneth A. Watson
KENNETH A. WATSON (WATSK3123)
Attorney for Superior Energy Services, LLC

OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
      & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this will be served by such system upon the following:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com

Alex F. Lankford, III, Esq.
Hand Arendall, LLC
RSA Tower
11 N. Water St., Suite 30200
Mobile, AL
alankford@handarendall.com

                                /s/Kenneth A. Watson
                                KENNETH A. WATSON