## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SUPERIOR ENERGY SERVICES, L.L.C.,     :

    Plaintiff,                                      :

vs.                                                       :          CA 09-321-KD-C

BOCONCO, INC.,                                   :

    Defendant.

## ORDER

This action is before the Court on the parties' Joint Motion for Extension of Discovery Completion Date and Modification of the Rule 16(b) Scheduling Order (Doc. 62), filed August 16, 2010.   Upon consideration of the contents of the Joint Motion and all other pertinent pleadings in this file, this order is entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a) & (c)(1), and for the reasons discussed below, the Joint Motion is due to be **DENIED**.

## FINDINGS OF FACT

1.      This case was filed on June 5, 2009.  (Doc. 1, Compl.)  In the parties' Rule 26(f) Report (Doc. 47), filed on January 7, 2010, the parties represented to the Court that "[a]ll discovery will be commenced in time to be completed by May 25, 2010."  (*Id.*, p. 6.)

2.      Based on this Court's reading of the parties' Joint Motion, difficulties

regarding the production of Electronically Stored Information ("ESI") seem to be—at least in part—responsible for the parties' request for an additional extension of the discovery deadline.  (Doc. 62, pp. 1-2.)  Dealing with ESI is an increasingly important aspect of all litigation, *see, e.g., Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 364 (S.D.N.Y. 2008) (noting that "it is so important that parties fully discuss their ESI early in the evolution of a case" to enable them to work out any differences "without court involvement or additional expense, thereby furthering the 'just, speedy, and inexpensive determination' of their case" (quoting FED. R. CIV. P. 1)), and something this Court specifically requests the parties address in their Rule 26(f) Report, which information is then considered for, and incorporated into, the Court's Rule 16(b) Scheduling Order.  (*See* Doc. 50, Rule 16(b) Scheduling Order, ¶ 18; Doc. 55, Supp. Order regarding the parties' positions as to ESI.)

    3.    In Plaintiff's Supplemental Rule 26(f) Report to the Court (Doc. 52), concerning "ESI," filed February 8, 2010, Plaintiff reported that it "expects that most if not all ESI responsive to discovery requests in this case will be capable of being produced in a printed format,"[1] but that it "also has propounded a discovery request for the actual production of computers with hard drives, servers, or other forms of ESI and the making of forensically accurate copies thereof so that e-mails, files, and other information, whether deleted or not, may be retrieved."  (*Id.*, p. 1.)

---

1 Defendant likewise responded, in its supplemental report (Doc. 53) filed the next day, that "it does not expect that any significant portion of the information produced in response to discovery requests propounded in this case could not be produced in printed form."  (*Id.*)

4.     The date for completion of discovery in this case has been extended—for 90 days—once already.  (Doc. 61, Supp. Rule 16(b) Scheduling Order.)  In the parties' joint motion requesting that extension (Doc. 60), filed April 28, 2010, they mention that "counsel for the parties are coordinating with a consultant in connection with discovery of [ESI]," (*id.*, p. 2), but fail to raise any concerns, or alert this Court to any potential difficulties, regarding the production of ESI either then, or at anytime in the almost four months between the filing of that motion and the current motion.

5.     The present joint motion for extension—filed only nine days before the deadline for completion of discovery—makes the Court aware—for the first time—of certain difficulties the parties are experiencing with obtaining and producing ESI, which difficulties also appear to be delaying the taking of depositions.   (*See* Doc. 62, ¶ 3.)

## CONCLUSIONS OF LAW

1.     "Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters."  *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).  The broad discretion set forth in Rule 16 "is necessary to preserve the integrity and purpose of the pretrial scheduling order and to allow the trial judge qualitative and quantitative management over a judicial proceeding from an early stage in order to reduce costs and delays."  *Gavenda v. Orleans County*, No. 95-CV-0251E (SC), 1996 WL 377091, *1 (W.D.N.Y. June 19, 1996) (footnotes omitted); *see Zivkovic v. So. Cal. Edison Co.*, 302

F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." (citation and internal quotation marks omitted)).

      2.     A party requesting modification to a Rule 16(b) Scheduling Order must first make a showing of good cause pursuant to Rule 16(b). *United States ex rel. Walker v. R & F Props. of Lake County, Inc.*, No. 5:02-CV-131-OC-10GRJ, 2008 WL 976786, at *2 (M.D. Fla. Apr. 9, 2008) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (the Rule 16(b) good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" (quoting FED. R. CIV. P. 16, advisory committee's note))). "If the court finds that the party lacked due diligence, then the inquiry into good cause is ended." *Id.* (citing *Pioneer Int'l (USA), Inc. v. Reid*, No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637, *2 (M.D. Fla. Dec. 12, 2007)); *see also Axis Surplus Ins. Co. v. Innisfree Hotels, Inc.*, Civil Action No. 05-0527-WS-C,  2006 WL 2882373, at *4 n.9 (S.D. Ala. Oct. 6, 2006) (District Court affirming this Court's order denying a party's "formal request for a discovery extension [because of] an insufficient showing of due diligence and extraordinary circumstances"); *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Practice Federal Court Committee (1998) (distributed by the Clerk with the Local Rules and published on the Court's website, at http://www.als.uscourts.gov), at § I(*I*), p. 7 ("Even though the Court occasionally may

allow additional discovery upon motion, it is a serious mistake to count upon the likelihood of an extension.  When allowed, an extension is normally made upon a showing of good cause for the extension of discovery (including due diligence in the pursuit of discovery prior to cut-off date), specifying the additional discovery needed, its purposes, and the time in which it can be completed.").

3.      In *Sosa*, addressing Rule 16(b) in the context of amendment of a complaint, the Eleventh Circuit set forth several factors to consider in assessing diligence, *see* 133 F.3d at 1419, at least two of which are particularly applicable here: (1) whether a party "took [ ] steps to acquire [ ] information early in the discovery period," *id.* at 1419, and (2) whether "after acquiring information, the [party] delayed in asking for [relief]."  *Lord v. Fairway Electric Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1419).

4.      The parties simply have not made the requisite showing of due diligence.  *See Walker*, 2008 WL 976786, at *2 ("If the court finds that the party lacked due diligence, then the inquiry into good cause is ended.") (citation omitted).  The Joint Motion fails to set forth with sufficient detail what steps the parties have taken ***throughout*** the discovery process to avoid requesting eleventh hour relief from this Court.  The parties' counsel attempt to use their inexperience with ESI—"neither counsel for Plaintiff nor Defendant has been involved with the taking of ESI discovery until this case" (Doc. 62, pp. 1-2)—as an excuse for the current delay.  However, the parties reported to this Court—almost four months ago—that they were already "coordinating

5

with a consultant in connection with discovery of electronically stored information" (Doc. 60, p. 2.), but then failed to apprise this Court of any difficulties until the current motion. At least Plaintiff, moreover, was aware that obtaining ESI could be important to its case prior to the filing of its Supplemental Rule 26(f) Report, filed February 8, 2010—over six months ago.   (*See* Doc. 52, p. 1.)

5.      The parties' previous joint motion requesting an extension may shed light on the true reason for delay here.   In that motion, the parties note that they proposed a discovery completion date of May 25, 2010, which the Court adopted, in connection with their proposed trial date of June 25, 2010, but that the Court set trial in January 2011. (Doc. 60, p. 1)   The parties then argue "[g]iven the trial setting of January 2011, the discovery completion date can be extended . . . without modification [of all but one] of the other deadlines."   (*Id.*, p. 2.)   This of course begs the question of whether the parties' failure to take "steps to acquire [ ] information [regarding any potential difficulties with obtaining and producing ESI] early in the discovery period," *Sosa*, 133 F.3d at 1419—from at least as early as February 8, 2010—was because they mistakenly believed that this Court would award such a lack of diligence with an extension.

6.      Although the Court is more than willing to work with litigants regarding deadlines where reasonable—as was the case with the parties' initial request for extension here—"it is a serious mistake to count upon the likelihood of an extension," *Introduction to Civil Discovery Practice in the Southern District of Alabama*, § I(*I*), p. 7, much less a second extension.

## <u>CONCLUSION</u>

In light of the foregoing, the parties' Joint Motion for Extension of Discovery Completion Date and Modification of the Rule 16(b) Scheduling Order (Doc. 62) is **DENIED**.

**DONE** this the 20th day of August, 2010.


   /s WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**