IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  CIVIL ACTION NO. 09-321-KD-C |
| | * |
| BOCONCO, INC., | * |
| | * |
| Defendant. | * |

**<u>PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S REPLY BRIEF</u>**

COMES NOW Plaintiff, Superior Energy Services, L.L.C., ("Superior"), and makes this sur-reply to the "Reply in Further Support of Defendant Boconco, Inc.'s Motion for Summary Judgment." As will be shown below, in its reply brief Boconco mischaracterizes and misconstrues the issues as well as Superior's brief and evidentiary materials filed in opposition to Boconco's motion for summary judgment.

Contrary to Boconco's assertion, to adjudicate Superior's ownership of the gensets at issue this Court need not determine that the Settlement Agreement relied upon by Boconco is ambiguous. Superior does not contend the Settlement Agreement is ambiguous. Rather, in response to Boconco's reliance on the Settlement Agreement as a bar to Superior's claim of ownership of the gensets, Superior has shown to the Court that its ownership of the gensets vested under an agreement between the parties that was fully consummated roughly a year before the Settlement Agreement was entered into and that there is no provision in the Settlement Agreement which rescinds or undoes <u>ab initio</u> Superior's ownership of the gensets. The affidavit of Dwayne

{MB012934.1}

Boudreaux and the documents made exhibits thereto are filed for the purpose of providing substantial evidence of the agreement made between the parties that Superior was the owner of the gensets, the circumstances leading thereto, and communications and a course of dealing between the parties thereafter consistent with such agreement. Mr. Boudreaux's affidavit and the exhibits thereto were not filed for the purpose of showing any ambiguity in the Settlement Agreement as suggested by Boconco.

In short, Superior has provided substantial evidence to the Court that Superior's ownership of the gensets vested under an agreement made between Superior and Boconco in August, 2008. There is no provision in the Settlement Agreement, made a year later in August, 2009, which divests Superior of that ownership and Boconco has not and cannot cite any case holding that, in the absence of an express provision calling for a rescission, a settlement agreement divests a party of rights which have already vested. That is because the law is contrary to Boconco's position, as shown by the numerous authorities cited in Superior's brief.

Boconco next attempts to force Superior's "claim" of ownership in this action within the bar of the Settlement Agreement by noting that Superior knew of its ownership of the gensets prior to entering into the Settlement Agreement and by making the inapposite and unsupported legal argument that "[t]he law does not allow a party in [Superior's] position to repudiate a settlement agreement simply because it failed to assert a right which had fully accrued, if it existed at all, at the time it signed the release." Boconco's Reply Brief at 7. As to the latter assertion, Superior first notes that it does not repudiate the Settlement Agreement as argued by Boconco. Superior has

instead shown the Court that the Settlement Agreement has no application to the instant dispute.  Of course, Boconco has not and cannot cite any law for the proposition that a settlement agreement undoes rights which have already vested (unless the agreement expressly provides therefor). As to the former, the fact that Superior knew it owned gensets prior to the time the parties entered into the Settlement Agreement does not somehow bar Superior's right to assert its ownership in this action upon learning of Boconco's adverse claim of ownership.  If prior to entering into the Settlement Agreement, Boconco had disputed Superior's ownership or advised Superior that Boconco claimed ownership, the Settlement Agreement would bar Superior's claim of ownership.  However, that is not the case before the Court.

There is substantial evidence before the Court that the parties made an agreement vesting ownership of the gensets in Superior, that Boconco participated in communications and generated documents thereafter consistent with such an agreement, and that in consummating the Settlement Agreement Boconco acknowledged Superior's ownership of the gensets by allowing Superior to take possession of the cooling towers (radiators) for the gensets which had remained on Boconco's yard.  Under Alabama law, a settlement agreement "does not ordinarily include claims not known at the time of, or arising after, the settlement."  Nero v. Chestang, 358 So. 2d 740, 743 (Ala. Civ. App. 1978); see also 15A CJS Compromise & Settlement § 41 ("Demands of which a party had no knowledge cannot ordinarily be regarded as included [within the settlement].")  In the context of the instant case, it was not until there was an actual controversy between Superior and Boconco concerning ownership of the gensets, or Boconco repudiated Superior's ownership under the earlier

agreement between the parties, or Boconco wrongfully asserted ownership thereby preventing Thompson from allowing Superior to take possession of its property, that the instant claim arose.  See Goodman v. Lee, 78 F.3d 1007, 1014-15 (5th Cir.), cert. denied, 519 U.S. 861 (1996) (co-author's claim for royalties not barred by laches where she did not know or should not have known that other co-author listed himself as the sole author on copyright register until just prior to filing suit).  Compare Refac Financial Corp. v. Patlex Corp., 912 F.Supp. 2d 159, 163 (E.D. Pa. 1996) (observing that "a declaratory judgment action accrues when plaintiff becomes aware that defendant's position is contrary to plaintiff's" and holding patent licensor's declaratory judgment claim time barred where it conceded it learned of the parties' divergent positions outside limitation period).  Said another way, for there to be a declaratory judgment claim, there must be a justiciable controversy in which "present legal rights are thwarted or affected." Creola Land Development, Inc. v. Bentbrooke Housing, LLC, 828 So. 2d 285, 288 (Ala. 2002 (emphasis added)).  In the instant case, to be sure, Superior owned the gensets prior to the Settlement Agreement being entered into; however, there was no actual controversy -- Superior's ownership was not thwarted or affected -- until Boconco asserted an adverse contention of ownership, which occurred for the first time after the parties entered into the Settlement Agreement.  Accordingly, the claim of ownership being asserted by Superior in this action is not barred by the Settlement Agreement.

      In accordance to the foregoing, and for the reasons set forth in Superior's earlier brief and evidentiary materials in support thereof, Boconco's motion for summary judgment should be denied.

        Respectfully submitted,

        s/Kenneth A. Watson
        KENNETH A. WATSON (WATSK3123)
        Attorney for Superior Energy Services, LLC

OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
    & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this will be served by such system upon the following:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com

        s/Kenneth A. Watson
        KENNETH A. WATSON

{MB012934.1}        5