IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 09-321-KD-C |
| | * | |
| BOCONCO, INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
AND
REPLY BRIEF IN SUPPORT OF MOTION TO RECONSIDER**

Comes Now Plaintiff, Superior Energy Services, L.L.C., and files this brief in opposition to the Motion to Strike filed by Defendant Boconco on December 20, 2010, and in reply to Defendant's opposition to Superior's Motion to Alter, Vacate or Amend and/or to Reconsider the Court's ruling on summary judgment.

The purpose of a judicial proceeding is to obtain a just resolution of the dispute between the parties. Indeed, F.R.C.P. 1 prescribes that the rules are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action," i.e., a just resolution is at least as important as a speedy and inexpensive one. In the instant case, as the result of error by the Court, as respectfully urged in Superior's motion to reconsider, or perhaps from the Court's perspective oversight by Superior's counsel, a just determination of Boconco's summary judgment motion has not resulted. Superior's counsel points out that when Boconco failed to file a timely answer he did not seek a default and agreed to Boconco's motion to have its late answer deemed timely. When during a discovery hearing Boconco asked for additional time to file its summary

judgment motion and Magistrate Judge Cassady asked Superior's counsel if there was any objection, Superior's counsel did not object. When Boconco failed to file with its motion for summary judgment separately numbered findings of fact supported by citations to record evidence as required by Local Rule 7.2(a), Superior's counsel did not seize upon that omission to seek a technical disposition of the motion (in hindsight, the submission of proposed findings of fact may have been helpful in removing any doubt, if any there really be, about the grounds made the basis of Boconco's motion).  Superior's counsel's actions in these regards were motivated in part by courtesy and in part by the belief that our aim in this proceeding, like all others, is to allow a full and fair presentation of the case and thereby effect a just determination on the merits. That is all he asks on behalf of Superior.

Superior, respectfully, submits that the Court made an error of fact in its <u>non sequitur</u> interpretation of Boconco's evidence, which in turn lead to an error of law in deciding the summary judgment motion on a ground not made a basis of the motion by Boconco.  Even if the Court disagrees with that position, surely the Court can see that the point on which the Court ultimately decided the motion—whether Superior had paid for change orders no. 18 on Hulls 128 and 129— was <u>never</u> specifically raised by Boconco, just as Boconco never raised any issue about whether Superior paid for and provided the 300kw replacement gensets and did not receive an offset against the price of Hulls 128 and 129 for the 175kw gensets not used in the construction.  Superior's counsel asks, rhetorically, if that issue had been made a ground in Boconco's motion or reply brief, like it clearly was made the basis of the Court's ruling, would not have

Superior's counsel presented the evidence concerning payment of those change orders he has submitted on reconsideration?

The affidavit of Mr. Boudreaux and exhibit thereto filed in support of Superior's motion to reconsider is not untimely, immaterial or improper as asserted by Boconco. As explained in Superior's motion, the affidavit and exhibit are filed to address a determination of fact by the Court which was not supported by any evidentiary materials submitted by Boconco in support of its motion for summary judgment and relate to an issue – whether the verbal agreement relied upon by Superior was executory – which had not been made a basis of Boconco's motion for summary judgment.  Essentially, the Court's order was Superior's first notice that there was a need for it to submit evidence at the summary judgment stage showing that it in fact had paid for change orders no. 18 on Hulls 128 and 129.  Under these circumstances, Mr. Boudreaux's affidavit is timely, clearly is material, and is a proper basis for reconsideration.

Boconco's opposition to Superior's motion to reconsider confirms that the <u>only</u> two grounds on which Boconco sought summary judgment were (1) "that no agreement, rule [sic] or otherwise existed which would have required it to convey title to the Gensets to Superior," and (2) "even if a side agreement existed, it was barred by the clear and broad provisions of the Settlement Agreement."  Boconco's Opposition (Doc. 86) at 3. Boconco then asserts that "the invoices and change orders now addressed by Superior were specifically raised in Boconco's Brief and the supporting affidavit of Rusty Bosarge."  However, a review of Boconco's brief on summary judgment and the affidavit of Mr. Bosarge will disclose that, contrary to Boconco's assertion, nowhere therein did Boconco "specifically raise[ ]" the relevant change orders – change orders no. 18 on

{MB017076.3}                                              3

Hulls 128 and 129 – or whether the same had been paid for by Superior.  In fact, nowhere in any of its summary judgment submissions does Boconco even contend the oral agreement relied upon by Superior was in any respect executory.[1]

Boconco did not seek summary judgment on the ground that the oral agreement with Superior was executory because Superior had not paid for change orders no. 18 on Hulls 128 and 129.  Before Superior's case is dismissed on that ground, Superior should be allowed an opportunity to present evidence thereon to the Court.  Superior has now done so and respectfully requests that this Court consider such evidence, reconsider its order on Boconco's motion for summary judgment, and vacate the judgment dismissing Superior's claims.

                Respectfully submitted,

                s/Kenneth A. Watson
                KENNETH A. WATSON (WATSK3123)
                Attorney for Superior Energy Services, LLC

OF COUNSEL:

Jones, Walker, Waechter, Poitevent, Carrère
    & Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com

CERTIFICATE OF SERVICE

---

[1] The failure of Boconco to make such contention should not be surprising.  As shown by the affidavit of Mr. Boudreaux and the exhibit thereto in support of Superior's motion to reconsider, Superior obviously paid for change orders no. 18 and Boconco likewise has not disputed whether Superior paid for the replacement 300 kw gensets and received no offset against the purchase prices on Hulls 128 and 129.  Additionally, Boconco could not contend that the oral agreement with Superior was executory without recognizing that such agreement existed.  Accordingly, Boconco has simply contended that there was no such oral agreement, which assertion Superior more than satisfactorily rebutted for purposes of summary judgment.

5

I hereby certify that on this 23rd day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this will be served by such system upon the following:

Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602
kjr@alaconsumerlaw.com

                s/Kenneth A. Watson
                KENNETH A. WATSON