IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR ENERGY SERVICES, L.L.C., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 09-321-KD-C |
| | * | |
| BOCONCO, INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Superior Energy Services, L.L.C. ("Superior"), and files this supplemental brief in opposition to Defendant's motion for summary judgment. Essentially, Boconco advances the remarkable notion that even though Superior's title to the gensets vested prior to the parties entering into the Settlement Agreement, and even though Boconco raised no dispute or claim in opposition to Superior's title until after the parties entered into the Settlement Agreement, the Settlement Agreement nevertheless somehow undid Superior's vested title, re-conveyed title into Boconco, and barred Superior's claim to title. Not surprisingly, Boconco's position is not supported by the law. Because Superior's title vested prior to the Settlement Agreement and no dispute concerning that title arose until after the Settlement Agreement, under the substantive law of merger and release the claim of title Superior now asserts was not merged into or released by the Settlement Agreement.[1]

[1] The assertion in Section E of Boconco's supplemental brief – "that the merger doctrine has no application" – underscores that Boconco seeks to avoid the substantive law of merger and release because under that law Boconco's motion must be denied. In fact, Boconco's assertion that the merger doctrine does not apply because the parties included a merger clause in the agreement is exactly the opposite of the law. See Smith v. Smith, 794 S.W. 2d 823, 828 (Tex. App. 1990) ("An integration clause is in essence the merger doctrine memorialized."); Gilliland v. Cornell Companies, Inc., 2008 WL 4858353 at *7-9 (S.D. Tex. 2008) (observing that "integration clauses contractually memorialize the doctrine of merger," and granting plaintiff summary judgment on defendant's merger defense because subsequent contract did not cover the same subject as previous contract). Contrary to Boconco's assertion, the inclusion of the merger clause is an express incorporation of substantive principles of merger law.

1. Merger Clauses do Not Divest a Party of Rights which Have Already Accrued.

It is widely recognized that a merger clause does not divest a party of rights which have already accrued under a previous agreement:

> It is a fundamental principle of substantive law that rights already vested under an oral agreement are not extinguished or diminished, even if the oral agreement is merged into a written contract subsequent to the accrual of such rights.

Burlington Northern R.R. Co. v. Chicago & Northwestern Trans. Co., 851 S.W. 2d 28, 32 (Mo. App. 1993); see also Kentucky Fried Chicken Corp. v. Collectramatic, Inc., 547 A. 2d 245, 247-49 (N.H. 1988) (merger clause in subsequent agreement stating that it "'supersedes' all prior and contemporaneous agreements" did not merge "vested rights and concomitant duties with respect to sales already concluded."); Choice Security Systems, Inc. v. AT&T Corp., 141 F.3d 1149, 1998 WL 154254 (1st Cir. 1998) (to the same effect); Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 753-55 (5th Cir. 1996) (observing that "[w]e are aware of no Texas authority that provides that the 'termination' of agreements automatically applies retroactively to extinguish vested rights; to the contrary, several authorities suggest otherwise.").

A corollary principle is that for merger to apply the earlier contract must remain executory. See E.T. Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666, 668 (Ala. 1925) ("While a transaction is in fieri, or a contract is executory, the parties by mutual assent may abandon the transaction, or rescind the contract, or they may modify or alter the terms of the contract."); Thorn's Diesel Service, Inc. v. Houston Ship Repair, Inc., 233 F.Supp. 2d 1332, 1342-43 (M.D. Ala. 2002) (noting that "[u]nder Alabama law, parties can modify a written, executory contract with a mutual, oral agreement" and holding that because contract was executory, the parties could modify or waive

provisions); McCall v. Texas Dragline Service Co., 188 S.W. 2d 243, 246 (Tex. App. 1945) (because verbal agreement "had been partially performed . . . at the time of execution of [subsequent] letter-agreement, and being no longer executory, it was not merged into said written agreement."); Simpson Advertising Service Co. v. Manufacturers & Merchants Ass'n of St. Louis, 51 S.W. 2d 1019, 1024 (Mo. 1932) ("The doctrine of merger of prior negotiations applies only to executory contracts. It must be executory on both sides.").[2]

In short, under these authorities the inclusion of a merger provision in the Settlement Agreement, even with the language that it "supersedes previous discussions or agreements" does not divest Superior of its title to the gensets which had already vested under the earlier oral agreement between the parties.[3]

2. Title to the Gensets is Not a Subject Matter of the Settlement Agreement.

In a related vein, the merger clause, as well as the release provision, have no application because title to the gensets is not a subject matter of the Settlement Agreement.[4] The language of the merger clause relied upon by Boconco specifically provides that "this Agreement, its exhibits, schedules and appendices, represent the entire agreement among the Parties with respect to the subject matter hereof and

---

[2] Superior's title to the gensets vested long before the parties entered into the Settlement Agreement. Superior's title vested when Boconco agreed that the gensets were the property of Superior upon their removal from Hulls 128 and 129 in August 2008. After that time, the oral agreement could not be executory on both sides and Superior could not be divested of its title in the absence of a re-conveyance of title to Boconco. Even considering performance on both sides of the oral agreement, Superior has presented substantial evidence that its title vested at least by March or June of 2009 as by that time it had paid all sums owing on Hulls 128 and 129, had paid for and provided the 300 kw replacement gensets, and received no offset against the purchase price of Hulls 128 and 129 for the gensets at issue. The Settlement Agreement, having been later entered into in August, 2009, could only have the effect of undoing Superior's vested title in the gensets by providing for a re-conveyance of title to Boconco.

[3] Boconco's reliance on the termination clause of the Settlement Agreement is similarly misplaced. As pointed out in Superior's earlier brief, the "termination" of a contract applies only to obligations remaining to be performed. A termination does not operate to divest a party of rights already vested. See United States v. Southern Gulf Lumber Co., 106 F.Supp. 815, 818 (S.D. Ala. 1952). ("'The exercise of an option to terminate prevents liability for further transactions, but does not affect obligations which have already accrued.'"). See also National Supply Co. v. Southern Creamery Co., 224 Ala. 507, 140 So. 590, 592 (Ala. 1932).

[4] Indeed, as the Court noted in an earlier order, "[t]he disposition of the gensets, now at issue, was not specifically addressed in the Settlement Agreement." Court's Order of November 12, 2010 (doc. 79) at 3.

thereof, and supersedes any and all previous correspondence, discussions, negotiations, arrangements or agreements, whether oral or written, by the Parties or any other person." Again, the principle relied upon by Superior is widely recognized. See Cavalier Mfg., Inc. v. Clarke, 862 So. 2d 634, 641 (2003) (when parties execute successive agreements and the 'two agreements cover the same subject matter and include inconsistent terms,' the later agreement supersedes the earlier agreement."); Atlanta Integrity Mortgage, Inc. v. Ben Hill United Methodist Church, Inc., 650 S.E. 2d 359, 362 (Ga. App. 2007) ("In order for the merger rule to apply, however, the parties of the merging contracts must be the same and the terms of the those contracts must completely cover the same subject and be inconsistent."). These principles of merger law apply even when the subsequent agreement contains a merger clause. See Fish v. Tandy Corp., 948 S.W. 2d 886, 891, 898-99 (Tex. App. 1997) (noting that a "[a] written merger clause such as the one in the distribution agreement is essentially a memorialization of the merger doctrine," and that merger occurs only when the two agreements are between the same parties, embrace the same subject, and are "so inconsistent . . . they both cannot stand."); Bowen v. Budd, 297 S.E. 2d 334, 336 (Ga. App. 1982) (holding that later partnership agreements providing that they were "the entire Agreement among the parties and supersede any prior understanding or Agreements among them respecting the subject matter," did not merge earlier syndication agreement because the contracts covered different subjects.) Finally, with respect to this point, under Alabama law "a party claiming that a contract modifies a prior contract must show that the later contract is definite and certain as to the terms of modification, and the modification extends only so far as the terms are definite, certain, and intentional." Johnson-Rast & Hays, Inc. v. Cole, 294 Ala. 32, 37, 310 So. 2d 885

(Ala. 1975) (emphasis added). Plainly, the Settlement Agreement contains no "definite and certain terms" divesting Superior of title to the gensets and re-conveying the same to Boconco.

3. The Release Provision does Not Bar Superior's "Claim" of Title because at the Time the Settlement Agreement was Entered into there was No Dispute about Ownership of the Gensets and No such Claim had Accrued.

Boconco's reliance on the preamble para. D and the release provision is misplaced because under Alabama law "[a] valid compromise is conclusive only as to those matters which the parties have fairly intended to include within its terms. It does not ordinarily include claims not known at the time of, or arising after the settlement. Nero v. Chastang, 358 So. 2d 740, 743 (Ala. Civ. App. 1978) (emphasis added). Accord United States v. Reisz, 718 F.2d 1004, 1006 & n.2 (11th Cir. 1983) (settlement agreement covers "all claims arising from the dispute known at the time of the settlement and not expressly preserved."). Both Superior and Boconco have presented evidence that they were unaware of the other's claim of ownership until they each contacted Thompson Tractor after the Settlement Agreement had been entered into; thus, there was no dispute concerning ownership of the gensets until after the Settlement Agreement had been made.[5] Likewise, Superior had no "claim" for a declaratory judgment that it was the owner of the gensets (or that Boconco was in breach of the oral agreement) until Boconco asserted a contrary right of ownership and thereby deprived Superior of its property. See Hunt Transition & Inaugural Fund v. Grenier, 782 So. 2d 270, 272 (Ala. 2000) (a declaratory judgment claim does not accrue

[5] Of course, there cannot be a dispute unless the parties thereto know of their contrary positions. See Black's Law Dictionary at 424 (5th ed. 1979) (defining "dispute" to mean inter alia, "an assertion of a right, claim or demand on one side, met by contrary claims or allegations on the other.").

until there is "a bona fide, presently existing justiciable controversy that affects the legal rights or obligations of the parties.").

In sum, at the time the parties entered in the Settlement Agreement there was no existing dispute concerning Superior's title to the gensets and no "claim" for Superior to assert until Boconco made an adverse claim of ownership after the Settlement Agreement was entered into. Accordingly, the release in the Settlement Agreement simply has no application.[6]

In accordance with the foregoing and Superior's earlier submissions, Boconco's motion for summary judgment is due to be denied.

Respectfully submitted,

s/Kenneth A. Watson
KENNETH A. WATSON (WATSK3123)
Attorney for Superior Energy Services, LLC

OF COUNSEL:
Jones, Walker, Waechter, Poitevent, Carrère
& Denègre L.L.P.
Post Office Box 46
Mobile, Alabama 36601
kwatson@joneswalker.com

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy of this will be served by such system upon the following:
Kenneth J. Riemer, Esq.
166 Government St., Suite 100
Mobile, Alabama 36602

s/Kenneth A. Watson
KENNETH A. WATSON

[6] The parties could have given the Settlement Agreement the effect Boconco urges, but did not do so. In light of the principle stated in Chastang, parties sometime expressly provide that the release applies to claims, disputes losses, etc., whether now known or unknown and whether now accrued or accruing hereafter. In the instant case, the Settlement Agreement contains no such provision. In fact, preamble para. D refers to "exist[ing] . . . disputed matters."