IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUPERIOR ENERGY SERVICES, LLC,    )  |  |
|         Plaintiff,                )  |  |
|                                   )  |  |
| v.                                )  | CIVIL ACTION 09-00321-KD-C |
|                                   )  |  |
| BOCONCO, INC.,                    )  |  |
|         Defendant.                )  |  |

## ORDER

This matter is before the Court on Superior's "Motion to Alter, Vacate or Amend and/or Motion to Reconsider." (Doc. 81).

At the hearing on Plaintiff Superior Energy Services, LLC ("Superior")'s motion for reconsideration of summary judgment for Defendant Boconco, Inc. ("Boconco"), Boconco expanded on the original argument that the Court should grant summary judgment in its favor based on the language of the Settlement Agreement alone. Specifically, Boconco argues that the court's foray into exceptions to the merger doctrine was misguided because the merger doctrine is not the provision that forecloses Superior's claim. Rather, Boconco argues that the plain language of the Settlement Agreement forecloses Superior's attempt to litigate over the ownership of the gensets. In support, Boconco cites two cases -- Bay Minette Production Credit Ass'n v. Federal Land Bank of New Orleans, 442 So.2d 47, 48 (Ala. 1983) and Southeastern Homes, Inc. v. Jackson, 374 So.2d 341, 342 (Ala. Civ. App. 1979). -- in which Alabama courts held that the merger doctrine is inapplicable where a contract specifically excludes certain prior agreements from merging into the final contract. Boconco argues that the converse is also true: a contract can specifically merge prior fully executed agreements.

1

The Court is unpersuaded by this argument as it pertains to the facts of this case. The language of the Settlement Agreement is a restatement of the merger doctrine, to which -- under Alabama law -- fully executed prior agreements are excepted. Moreover, to the extent that the merger language is more expansive, there was no specific language encompassing fully executed agreements.

Upon reconsideration, the Court finds that there exist material facts in dispute which preclude summary judgment in favor of Boconco. Specifically, whether there existed at the time of the settlement a dispute over payment for removing the 175 kw generators and replacing them with the 300 kw generators. Accordingly, it is hereby **ORDERED** that the prior Summary Judgment Order and corresponding Judgment (Doc. 79, 80) are **VACATED** and that Boconco's Motion for Summary Judgment (Doc. 68) is **DENIED.**

It is further **ORDERED** that this matter is set for:

1) a final **Pretrial Conference** on **March 3, 2011** at **1:30 p.m.** in the United States Courthouse in Mobile, Alabama (see Judge DuBose's Standing Order attached hereto); and

2) a non-jury **Trial** from **March 23-24, 2011,** in the United States Courthouse in Mobile, Alabama, commencing daily at **8:30 a.m.**

**DONE** and **ORDERED** this the **21st** day of **January 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**